IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LISE T.,[1] <br><br>                             Plaintiff, <br> vs. <br><br> ANDREW SAUL, <br> Commissioner of Social Security, <br><br>                            Defendant. | Case No. 3:19-CV-00187-TMB |

ORDER

Plaintiff Lise T., by her attorney, Paul B. Eaglin, moves the Court for an award to be paid pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[2] Defendant Andrew Saul (the "Commissioner") opposes this request.[3] Accordingly, and for the reasons that follow, Plaintiff's Motion for Attorney's Fees is **GRANTED**.

Ms. T. initiated this action on June 29, 2019 after exhausting her administrative remedies.[4] She asserted that the ALJ failed to "fully and fairly develop the record with respect to the appropriate residual functional capacity from the alleged onset date through 2018 at least." She also argued that she "was disabled at least from her

---

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States. *See* Memorandum, Committee on Court Administration and Case Management of the Judicial Conference of the United States (May 1, 2018), *available* https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] Dockets 23, 25.

[3] Docket 24 (Def.'s Response).

[4] Docket 1 (Compl.).

September 2017 alleged onset date through December 2018 during which she underwent two heart operations."[5] The Commissioner conceded that the ALJ's "decision relied on incomplete opinions and did not clearly consider the entire record" and agreed that further proceedings "would serve a useful purpose."[6] In her reply brief, Ms. T. requested remand for the calculation of benefits.[7] On February 13, 2020, this Court vacated the Commissioner's final decision and remanded for further administrative proceedings consistent with its decision. This Court found that the ALJ did not provide legally sufficient reasons for finding Dr. Anderson's and Dr. Brown's opinions persuasive and that the medical evidence relied upon by the ALJ was incomplete. We also noted that Ms. T. did not clearly articulate a request for the calculation of benefits and did not provide legal authority or specific record support for such argument.[8] Ms. T. filed the pending Motion for Attorney Fees on May 16, 2020.[9] In his opposition, the Commissioner requests that the Court reduce Ms. T.'s EAJA fees by "excluding the four hours spent unsuccessfully objecting to the Commissioner's motion and requesting immediate calculation of benefits."[10]

---

[5] Docket 14 at 17.

[6] Docket 19 at 6.

[7] Docket 20.

[8] Dockets 21, 22 (Order and Judgment).

[9] Docket 23.

[10] Docket 24 at 3.

Case No. 3:19-cv-00187-TMB, *Lise T. v. Saul*
Order Attorney's Fees
Page 2 of 7

DISCUSSION

In her request for fees pursuant to the EAJA, Ms. T. asserts that she is the prevailing party and the Commissioner's position was not substantially justified. Ms. T. moves for an award of fees in the amount of $6,568.00, which includes additional time and activity to reply to the Commissioner's opposition.[11] The Commissioner does not contest that Ms. T. is entitled to EAJA fees. Instead, the Commissioner objects to the reasonableness of the requested amount. He asserts that "no EAJA fees should be awarded for work performed after his offer of settlement was proffered, rejected, and [Ms. T.]'s subsequent work failed to advance her position." Specifically, the Commissioner argues that "because this Court rejected [Ms. T.]'s request for payment of benefits, and its order is fully consistent with the Commissioner's proposed relief, [Ms. T.] did not advance her position by turning down the Commissioner's settlement offer."[12]

1. *Legal Standard.*

A party that prevails against the United States in a civil action is entitled, under certain circumstances, to an award of attorneys' fees, costs, and other expenses under the EAJA.[13] The Ninth Circuit has stated the legal standard for an award of attorneys' fees under the EAJA as follows:

> EAJA provides that a court shall award to a prevailing party other than the United States fees and other expenses incurred by that party in any civil

---

[11] Dockets 23, 25.

[12] Docket 24 at 4–5.

[13] 28 U.S.C. § 2412 (2019).

action unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. It is the government's burden to show that its position was substantially justified. Substantial justification means justified in substance or in the main — that is, justified to a degree that could satisfy a reasonable person. Put differently, the government's position must have a reasonable basis both in law and fact. The position of the United States includes both the government's litigation position and the underlying agency action giving rise to the civil action. Thus, if the government's underlying position was not substantially justified, we must award fees and need not address whether the government's litigation position was justified.[14]

Second, if a plaintiff is the prevailing party and the government is not substantially justified, the award of attorney's fees must be reasonable.[15] The court has an independent duty to review the reasonableness of the fee request and the amount of the fee award must be determined based on the facts of each case.[16] The fee applicant must document the appropriate hours expended in the litigation and submit evidence in support of those hours worked.[17] The party opposing the fee bears the burden of rebuttal, including submitting to challenge the accuracy and reasonableness of the hours charged.[18] If the prevailing party achieved "excellent results," the court may permit a full fee.[19] At the same time, "where the plaintiff achieved only limited success,

---

[14] *Tobeler v. Colvin,* 749 F.3d 830, 832 (9th Cir. 2014) (internal citations and quotations omitted).

[15] 28 U.S.C. § 2412(d)(1)(A)

[16] *Hensley v. Eckerhart,* 461 U.S. 424, 429–33 (1983); *Costa v. Comm'r Soc. Sec. Admin.,* 690 F.3d 1132, 1135 (9th Cir. 2012); *Moreno v. City of Sacramento,* 534 F.3d 1106, 1111 (9th Cir. 2008).

[17] *Gonzalez v. City of Maywood,* 729 F.3d 1196, 1202 (9th Cir. 2013).

[18] *Gates v. Deukmejian,* 987 F.2d 1392, 1397–98 (9th Cir. 1992).

[19] *Ibrahim v. U.S. Department of Homeland Security,* 912 F.3d 1147, 1172 (9th Cir. 2019) (citing *Hensley,* 461 U.S. at 435.).

the district court should award only that amount of fees that is reasonable in relation to the results obtained."[20] And, in the Ninth Circuit, "settlement negotiations may be considered by the district court as a factor in determining a fee award."[21] Further, a court may deny a fee request where the relief ordered by the court is not beyond the relief contained in a rejected settlement offer.[22]

2. *Relief Beyond the Commissioner's Remand Request*

In this case, Ms. T.'s reply brief focused on cessation proceedings and continuing disability review and did not clearly articulate a request for the calculation of benefits or provide legal authority or specific record support for such argument. However, Ms. T.'s reply brief articulated the need to separately address the time period from the alleged onset period in September 2017 through the post-operative period following Ms. T.'s two cardiac surgeries in 2018.[23] Although this Court ultimately remanded for further proceedings, Ms. T.'s requested relief did reach beyond the Commissioner's remand request.[24]

The Commissioner's request for remand did not include instructions for a separate analysis of the critical time period.[25] However, Dr. Anderson's and Dr. Brown's

---

[20] *Hensley,* 461 U.S. at 440.

[21] *Ingram v. Oroudjian,* 647 F.3d 925, 927 (9th Cir. 2011).

[22] *Register v. Colvin,* 2017 WL 413085, at *5 (D. AZ. January 31, 2017).

[23] Docket 20.

[24] Dockets 21, 22.

[25] Docket 19 at 4.

opinions were incomplete and the record was not fully and fairly developed primarily because the experts failed to address the critical time period between the alleged onset period in September 2017 and the 2018 cardiac procedures.[26] Therefore, Ms. T.'s reply brief advanced her position and she is entitled to a full award.

Having reviewed the briefs, statement of fees, and attorney-client contract and considered the relevant fee award factors,[27] the Court grants Ms. T.'s Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act and awards Ms. T. fees in the amount of $5,582.80 and the additional amount of $985.20 for her EAJA reply, for a total attorney's fee award of **$6,568.00.**

IT IS ORDERED that Ms. T.'s Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act at Docket 23 is GRANTED;

IT IS FURTHER ORDERED that Ms. T. is awarded **$6,568.00** pursuant to the Equal Access to Justice Act;

IT IS FURTHER ORDERED that, pursuant to the assignment of fees in Ms. T.'s fee agreement, the government shall pay the fee award, minus any offset as noted below, payable to Ms. T., care of counsel's office: Paul B. Eaglin, PO Box 6033, Syracuse, NY 13217, pursuant to assignment of EAJA fees; and

---

[26] Docket 21 at 26–27.

[27] *Hensley,* 461 U.S. at 429–30 & n.3.

IT IS FURTHER ORDERED that, consistent with *Astrue v. Ratliff*,[28] this EAJA award is subject to any offset allowed under the Treasury Offset Program.

Dated at Anchorage, Alaska this 9th day of June 2020.

                                                      */s/ Timothy M. Burgess*
                                                      UNITED STATES DISTRICT JUDGE

---

[28] 560 U.S. 586 (2000).

Case No. 3:19-cv-00187-TMB, *Lise T. v. Saul*
Order Attorney's Fees
Page 7 of 7

Case 3:19-cv-00187-TMB   Document 27   Filed 06/09/20   Page 7 of 7